IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARELSTON DIVISION

REBECCA SANDY,

        Plaintiff,

v.                                           CIVIL ACTION NO.   2:16-cv-02547

DOLGENCORP, LLC, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant Dolgencorp, LLC's Amended Motion to Dismiss [ECF No. 14] filed on November 22, 2016.[1] The plaintiff did not file a response. For the reasons given below, the defendant's Motion is **GRANTED**.

I.   Background

On March 16, 2016, this case was removed to federal court from the Circuit Court of Kanawha County, West Virginia. Notice of Removal [ECF No. 1]. According to the Complaint, on December 2, 2013, the plaintiff entered a Dollar General store in Marmet, West Virginia, where she selected certain items and proceeded to the check-out counter. Notice of Removal Ex 1, at ¶ 3 [ECF No. 1-1] ("Compl."). The

---

[1] The court notes that the defendant Dollar General Corporation did not join Dolgencorp, LLC's Motion and has otherwise not filed a response. The court is without any information or argument regarding the status of the plaintiff's prosecution of her case against the Dollar General Corporation. Accordingly, the court offers no ruling affecting the plaintiff's case against the Dollar General Corporation.

plaintiff alleges that a store employee at the check-out counter threw the plaintiff's change at her. Compl. ¶ 4. After the plaintiff left the store and entered the parking area, the plaintiff alleges that the same store employee "violently attacked" her from behind, and a person from across the street intervened. Compl. ¶ 6. According to the Complaint, the Dollar General store's manager witnessed the incident and failed to intervene. Compl. ¶¶ 5–8. The plaintiff states that as a "direct and proximate result of the negligent, reckless and/or intentional acts of defendant company's employees, plaintiff has suffered personal injuries, pain and suffering, medical expenses and has otherwise been humiliated and embarrassed." Compl. ¶ 9.

The defendant asks the court to dismiss the plaintiff's claims against it pursuant to Rule 26, 37, and 41(b)[2] of the Federal Rules of Civil Procedure because the plaintiff has failed to abide by applicable discovery rules, including failing to attend her own deposition and failing to respond to discovery requests. Am. Mot. 1–2.

## II. Legal Standard

"A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is

---

[2] Because the Motion may be resolved by applying Rule 41(b) of the Federal Rules of Civil Procedure, the court does not address the defendant's arguments regarding any other civil rule.

2

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). The Supreme Court has determined that this power "has been expressly recognized in Federal Rule of Civil Procedure 41(b)." *Id.* at 630. Rule 41(b) of the Federal Rules of Civil Procedure states the following:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Fourth Circuit requires a district court to evaluate four factors before dismissing a case under Rule 41(b):

> First, the court must consider the "degree of personal responsibility on the part of the plaintiff." Second, it must determine the "amount of prejudice to the defendant." Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Finally, the court must consider whether "sanctions less drastic than dismissal" will be effective.

*Richardson v. Boddie-Noell Enters., Inc.*, 78 F. App'x 883, 888 (4th Cir. 2003) (citing *McCargo*, 545 F.2d at 396).

### III. Discussion

The defendant argues that the plaintiff has not tendered her initial disclosures pursuant to Rule 26(a)(1), which were due to the defendant on June 10, 2016. Mem. Supp. Am. Mot. 2 [ECF No. 15]; Order & Notice 2 [ECF No. 3]. Moreover, the defendant points out that the discovery deadline for this case was November 2, 2016,

but the plaintiff has not responded to any of the defendant's discovery requests and has failed to appear at her own deposition. Mem. Supp. Am. Mot. 2–3. The plaintiff's counsel has stated the following:

> I can represent to the court that my most recent mail sent to Ms. Sandy has been returned to me undeliverable. This has occurred before also. At this point, I do not know a good address for Ms. Sandy, nor have I been able to contact her throughout the summer.
>
> At this point, without representing for sure what my actions need to be, it appears that I may need to withdraw from representation and will follow up with some appropriate advice from ethics folks on how to properly notify my client of that motion to dismiss which I will be filing along with my trial court rule requirement with respect to a letter to Ms. Sandy.

Am. Mot. Ex. 1, at 3:8–23 [ECF No. 14-1].

A review of the relevant factors demonstrate that dismissal is warranted here. The briefing and supporting documents indicate that the plaintiff's failure to respond to discovery requests and failure to comply with the court's Scheduling Order is solely attributable to the plaintiff individually and not her counsel. The plaintiff's counsel has stated that he has been unable to contact the plaintiff for several months, and he does not know her current address. Additionally, the plaintiff's discovery noncompliance is not limited to one or two transgressions; instead, the plaintiff has completely neglected her case and has neither responded to discovery requests nor propounded her own requests. Given that this case has been pending for over nine months, the plaintiff's silence demonstrates "a drawn out history of deliberately proceeding in a dilatory fashion." *Richardson*, 78 F. App'x at 888 (citations omitted).

4

Moreover, the defendant continues to be prejudiced by being unable to properly mount its defense without the plaintiff's responsive discovery. Last, a lesser sanction is not appropriate under the circumstances because the plaintiff appears to have completely abandoned her case against the defendant. In fact, the plaintiff has failed to even respond to the defendant's Motion to Dismiss. Accordingly, the court **FINDS** that the case against the defendant, Dolgencorp, LLC, should be **DISMISSED**.

### IV. Conclusion

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the court **ORDERS** that that defendant's Amended Motion to Dismiss [ECF No. 14] is **GRANTED**. The court **ORDERS** that the plaintiff's claims against the defendant Dolgencorp, LLC, are **DISMISSED with prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 29, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE